IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JENNIFER NORRIS**                                                                                         **PLAINTIFF**

v.                                      **Case No. 4:24-cv-00522-KGB**

**SOUTHLAND CASINO**, *et al.*                                                          **DEFENDANTS**

**ORDER**

Before the Court is plaintiff Jennifer Norris's *pro se* complaint under Title VII of the Civil Rights Act of 1964 (Dkt. No. 2). Ms. Norris's complaint also mentions disability discrimination, which the Court construes as a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. (*Id*., ¶ 8). Also before the Court is Ms. Norris's application to proceed without prepaying fees or costs (Dkt. No. 1). For the following reasons, the Court grants Ms. Norris's application to proceed without prepaying fees or costs (Dkt. No. 1).

Under 28 U.S.C. § 1915, the decision to grant or deny an application to proceed without prepaying fees or costs is within the sound discretion of the district court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (citations omitted). Although a claimant need not be "completely destitute" to take advantage of the *in forma pauperis* statute, he must show that paying the filing fee would result in an undue financial hardship. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986). The Court finds that Ms. Norris does not have the ability to pay the filing fee without suffering an undue financial hardship and grants her application to proceed without prepaying fees or costs (Dkt. No. 1).

The Court acknowledges that Ms. Norris is not incarcerated. Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, however, the Court must screen Ms. Norris's complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief

may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C.A. § 1915(e)(2); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) ("Although some district courts have limited section 1915(e)(2)(B)(ii) pre-service dismissal to litigants who are prisoners, . . . all of the circuit courts to address the issue have held that nonprisoner complaints can be screened and dismissed pursuant to section 1915(e)(2)(B).") (citing *Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).

Reading Ms. Norris's *pro se* complaint liberally, she alleges Title VII and ADA claims against defendants Southland Casino and Delaware North (Dkt. No. 2). Accordingly, service on the defendants is appropriate. The Clerk is directed to prepare a summons for Southland Casino to be served on its registered agent for service, Cogency Global, Inc., 1215 Twin Lakes Drive, Little Rock, Arkansas, 72205. The Clerk is also directed to prepare a summons for Delaware North, to be served on its registered agent for service, Cogency Global, Inc., 122 East 42nd Street, 18th Floor, New York, NY, 10168. The Court directs that the United States Marshal serve Ms. Norris's complaint, along with a summons on both defendants' agents for service, pursuant to the terms of this Order without prepayment of fees and costs or security (Dkt. No. 2).

It is so ordered, this 3rd day of September, 2024.

Kristine G. Baker
Chief United States District Judge